**Not for Publication**

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| DAYS INNS WORLDWIDE, INC., *a Delaware Corporation*,<br><br>   *Plaintiff*,<br><br> -v-<br><br>YUG HOSPITALITY, LLC, *an Oklahoma Limited Liability Company*; LEENA PATEL, *an Individual*; and SHAILESH PATEL, *an Individual*,<br><br>   *Defendants*. | Civil No. 2:19-cv-17191 (ES) (CLW)<br><br>**Opinion** |

**Katharine S. Hayden, U.S.D.J.**

### I. Introduction

This matter comes before the Court on the motion (D.E. 12) of plaintiff Days Inns Worldwide, Inc. ("Days Inn") for default judgment against defendants Yug Hospitality, LLC ("Yug"), Leena Patel, and Shailesh Patel (together, the "individual defendants," and with Yug, "defendants"). Days Inn alleges that Yug breached a franchise agreement governing the operation of a Days Inn hotel and that the individual defendants breached their guaranty of that agreement. As set forth below, the motion is granted.

### II. Background

The complaint alleges as follows. Days Inn is a Delaware corporation with its principal place of business in New Jersey. (D.E. 1, Compl. ¶ 1.) Yug is an Oklahoma limited liability company with its principal place of business in Houston, Texas. (*Id.* ¶ 2.) The individual defendants, who are the only members of Yug, reside in Houston, Texas. (*Id.* ¶¶ 3–5.) On January 18, 2018, Days Inn and Yug entered into a franchise agreement for the operation of a 53-room lodging facility located in Tulsa, Oklahoma, under the "Days Inn" brand, for a fifteen-year term, as well as a subscription agreement that provided Yug access and "use of certain computer programs, applications, features and services." (*Id.* 10–11 & Ex. A, B.) On behalf of Yug, the individual defendants personally guaranteed payments and performance under the franchise agreement. (*Id.* ¶¶ 20–22 & Ex. C.) Under the terms of the agreements, Yug and the individual defendants, as guarantors, agreed to make certain payments to Days Inn. (*Id.* ¶¶ 13, 21.) In the event payments became "past due," an interest fee of 1.5 percent per month would incur. (*Id.* ¶ 14.)

The franchise agreement permitted Yug to terminate with proper notice and under two scenarios: (1) discontinued operation of the lodging facility as a Days Inn, or (2) lost possession or right of possession of the lodging facility. (*Id.* ¶ 17.) However, in the event of early termination, defendants agreed to pay liquidated damages in the amount of $2,000 per room, plus any fees and interest. (*Id.* ¶¶ 18, 24, 31–34.)

Days Inn alleges that on October 29, 2018, Yug unilaterally terminated the franchise agreement by ceasing to operate the lodging facility in accordance with the

franchise agreement. (*Id.* ¶ 23.) Days Inn acknowledged the termination through its letter to Yug on November 8, 2020. (*Id.* ¶ 24 & Ex. D.) The letter demanded liquidated damages, outstanding recurring fees, and early termination costs and fees. (*Id.* Ex. D.)

Days Inn filed suit on August 26, 2019, against defendants, invoking federal diversity jurisdiction. (*Id.* ¶ 6.) Its complaint asserts claims for an accounting from inception through the termination of the franchise agreement (count 1, against Yug); breach of contract for Yug's failure to pay liquidated damages upon termination of the franchise agreement (count 2, against Yug); in the alternative to count two, breach of contract, seeking actual damages for premature termination of the agreement (count 3, against Yug); breach of contract for Yug's failure to remit recurring fees (count 4, against Yug); unjust enrichment, also for Yug's failure to remit recurring fees (count 5, against Yug); and breach of the guaranty by the individual defendants (count 6, against the individual defendants).

Defendants were timely served on September 13, 2019. (D.E. 5.) Defendants, *pro se*, secured an extension until November 4, 2019, to file a response to the complaint. (D.E. 6; D.E. 7.) Defendants did not ultimately file a response to the complaint and have not otherwise taken any action to defend this case. Default was entered against them on November 21, 2019. (*See* D.E. 10.)

Days Inn subsequently filed its motion, which is unopposed, for default judgment against defendants. (D.E. 12; *see also* D.E. 12-2 ("Letter Brief").) In support of its motion, Days Inn submitted a certification of counsel (D.E. 12-4), and an affidavit

of Suzanne Fenimore, the senior director of contracts compliance for Days Inn (D.E. 12-3 ("Fenimore Aff.")). Days Inn seeks a judgment in the amount of $188,509.95, representing $129,364.69 in liquidated damages plus $59,145.26 in recurring fees (comprising principal plus prejudgment interest).

### III.     Legal Standard

The Court may enter default judgment under Fed. R. Civ. P. 55(b)(2) against a properly served defendant who does not file a timely responsive pleading. *Chanel, Inc. v. Gordashevsky*, 558 F. Supp. 2d 532, 535 (D.N.J. 2008) (Kugler, J.). Although cases are to be decided on their merits where practicable, whether to grant a motion for default judgment is "largely a matter of judicial discretion." *Id.* In ruling on the motion, the Court accepts the well-pleaded factual allegations in the complaint as true but "need not accept the moving party's legal conclusions or allegations relating to the amount of damages," and must "ascertain whether 'the unchallenged facts constitute a legitimate cause of action, since a party in default does not admit mere conclusions of law.'" *Id.* at 535–36 (citations omitted).

In addition to determining that the facts state a legitimate cause of action and that the movant has established its damages, the Court must "make explicit factual findings as to: (1) whether the party subject to default has a meritorious defense, (2) the prejudice suffered by the party seeking default, and (3) the culpability of the party subject to default." *Doug Brady, Inc. v. N.J. Bldg. Laborers Statewide Funds*, 250 F.R.D. 171, 177 (D.N.J. 2008) (Ackerman, J.) (citing *Emcasco Ins. Co. v. Sambrick*, 834 F.2d 71, 74 (3d

4

Cir. 1987)). The Court must also be satisfied that it has subject matter and personal jurisdiction, and that the defendants were properly served. *See Super 8 Worldwide, Inc. v. Mahesh, Inc.*, No. 18-16336, 2019 WL 3244878, at *3 (D.N.J. July 19, 2019) (Vazquez, J.).

IV.     Analysis

Here, the Court has subject matter jurisdiction in view of the parties' complete diversity and the amount in controversy exceeding $75,000. 28 U.S.C. § 1332. Defendants consented to personal jurisdiction in this Court by virtue of their assent to the franchise agreement's forum-selection clause. *See Nat'l Equip. Rental, Ltd. v. Szukhert*, 375 U.S. 311, 316 (1964) ("[P]arties to a contract may agree in advance to submit to the jurisdiction of a given court."). Days Inn properly served all parties on September 13, 2019, serving Yug through its authorized agent, Leena Patel, *see* Fed. R. Civ. P. 4(h); Shailesh Patel through his spouse, Leena Patel, at the address listed in the franchise agreement, *see* Fed. R. Civ. P. 4(e)(2); and Leena Patel personally, *see* Fed. R. Civ. P. 4(e)(1). Defendants never answered or otherwise responded to the complaint, despite obtaining an extension of time to do so, and the Clerk of the Court entered default against them. The threshold requirements for default judgment thus have been met.

Days Inn has also stated a claim for breach of contract against Yug and the individual defendants for breaching the franchise agreement and guaranty, respectively. To state a claim for breach of contract under New Jersey law, a plaintiff must establish

5

"(1) a valid contract, (2) breach of that contract, and (3) damages resulting from that breach." *Jackson Hewitt Inc. v. Gleason*, No. 13-0510, 2013 WL 6384650, at *1 (D.N.J. Dec. 6, 2013) (Salas, J.). Accepting Days Inn's allegations as true, Yug had a valid contract with Days Inn to "operate a Days Inn® guest lodging facility for a fifteen-year term" and make "certain periodic payments." (Compl. ¶¶ 12–13.) And the individual defendants personally guaranteed Yug's payment and performance upon default under the franchise agreement. (*Id.* ¶¶ 20–22.) Yug unilaterally terminated the franchise agreement when it prematurely ceased operation of the Days Inn guest lodging facility, failed to pay liquidated damages, and failed to pay various fees required of it under the franchise agreement; and the individual defendants did not make payments or perform under the franchise agreement as guaranteed upon Yug's default. (Fenimore Aff. ¶¶ 12–16, 23–25.) Moreover, no meritorious defense is evident from the record. Indeed, because defendants did not respond to Days Inn's complaint, the Court "assumes that [they] have no litigable defenses available." *Ramada Worldwide Inc. v. Courtney Hotels USA, LLC*, No. 11-0896, 2012 WL 924385, at *5 (D.N.J. Mar. 19, 2012) (Walls, J.).

The remaining factors weigh in favor of granting default. Days Inn has been prejudiced by defendants' failure to appear because it has been prevented from seeking relief. *See Gowan v. Cont'l Airlines, Inc.*, No. 10-1858, 2012 WL 2838924, at *2 (D.N.J. July 9, 2012) (Linares, J.) (finding prejudice because the plaintiff "has no other means of seeking damages for the harm allegedly caused by Defendant"). And "[a]bsent any evidence to the contrary, 'the Defendant's failure to answer evinces the Defendant's

6

culpability in [the] default.'" *Travelodge Hotels, Inc. v. Seaside Hosp., LLC*, No. 15-5595, 2016 WL 5899281, at *4 (D.N.J. Oct. 6, 2016) (McNulty, J.) (quoting *Teamsters Pension Fund of Philadelphia & Vicinity v. Am. Helper, Inc.*, No. 11-0624, 2011 WL 4729023, at *4 (D.N.J. Oct. 5, 2011) (Simandle, J.)). On this record, "[t]here is no evidence . . . that defendants' failure to respond to plaintiff's complaint was caused by anything other than defendants' own culpability and willful negligence." *Ramada Worldwide*, 2012 WL 924385, at *5. Accordingly, this Court finds that default judgment is proper.

With respect to damages, Days Inn seeks $188,509.95, the combined amount for recurring fees, liquidated damages, and interest. (Letter Brief at 6–7.) As to liquidated damages, Days Inn specifically seeks 129,364.69. That amount represents $106,000.00—grounded in § 12.1 of the franchise agreement, which sets the liquidated damages rate at $2,000 per guest room that Yug was authorized to operate at the time of the termination (53)—and $23,364.60 in interest—grounded in § 7.3 of the franchise agreement, which sets at a rate of 1.5 percent per month. As to recurring fees, Days Inn seeks $59,145.26, which it proves defendants owe through an itemized statement setting forth the basis for the amount. (*See* Fenimore Aff. ¶ 16 & Ex. E.)

## V. <u>Conclusion</u>

For the foregoing reasons, the Court grants Days Inn's motion (D.E. 12) for default judgment against defendant. An appropriate order and judgment will follow.

Date: December 14, 2020

*/s/ Katharine S. Hayden*
Katharine S. Hayden, U.S.D.J.